**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ITALO ARBULU, | No. C 07-5079 MMC (PR) |
| Petitioner, | **ORDER DIRECTING PETITIONER TO FILE AMENDMENT TO PETITION NAMING PROPER RESPONDENT; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS** |
| v. | |
| PEOPLE OF THE STATE OF CALIFORNIA | |
| Respondent. | **(Docket No. 2)** |

On October 3, 2007, petitioner, a California prisoner incarcerated at Corcoran State Prison and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner seeks leave to proceed in forma pauperis.

### BACKGROUND

In 2005, in the Superior Court of San Mateo County, petitioner was convicted of twenty counts of committing lewd and lascivious acts on a child under the age of fourteen, four counts of oral copulation with a child under the age of fourteen, and two counts of sodomy with a child under the age of fourteen. He was sentenced to a term of 180 years to life in state prison. The California Court of Appeal affirmed, and the California Supreme Court denied the petition for review.

### DISCUSSION

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody

in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

      Petitioner claims that his convictions are invalid for the following reasons: the evidence was insufficient to support six of the convictions for committing lewd and lascivious acts on a child under the age of fourteen; the trial court erroneously allowed the admission of evidence of uncharged prior acts of misconduct by petitioner; the trial court wrongly instructed the jury on the burden of proof necessary to find petitioner guilty beyond a reasonable doubt; the trial court violated petitioner's right to due process by allowing the information to be amended after the trial had concluded; and the trial court erroneously allowed the admission of inadmissible hearsay evidence against petitioner. Liberally construed, petitioner's claims are cognizable.

      The petition cannot go forward, however, because a proper respondent has not been named. The proper respondent in a habeas action is "the state officer having custody of the applicant," if the applicant is in custody. See Rule 2, Rules Governing Section 2254 Cases, Rule 2. "The proper person to be served in the usual case is either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions." Id. Advisory Committee Notes. Failure to name a petitioner's custodian as a respondent deprives the federal court of personal jurisdiction. See Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). In the instant petition, petitioner identifies the respondent as "People of the State of California," which is not a proper respondent. Accordingly, before the Court can issue an order to show cause directing the respondent to answer the petition, petitioner must file an amendment to the petition to substitute, as the

respondent, the warden of the prison in which petitioner is currently incarcerated, as set forth below.

Finally, as noted, petitioner has filed an application for leave to proceed in forma pauperis; in light of petitioner's lack of funds, leave to proceed in forma pauperis will be granted.

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1. Petitioner must file an amendment to the petition to name the proper respondent. The amendment must include the caption and civil case number used in this order (No. C 07-5079 MMC (PR)), and must be titled "Amendment to Petition to Name Proper Respondent." Petitioner must file the amendment to the petition within **twenty (20)** days of the date this order is filed. Failure to timely file the amendment will result in the dismissal of this action for lack of jurisdiction.

2. Petitioner's application to proceed in forma pauperis is hereby GRANTED. (Docket No. 2.)

IT IS SO ORDERED.

DATED: April 11, 2008

MAXINE M. CHESNEY
United States District Judge

3