IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ITALO ARBULU, ) | No. C 07-5079 MMC (PR) |
| ) Petitioner, ) | **ORDER TO SHOW CAUSE; DIRECTING CLERK TO SUBSTITUTE DERREL G. ADAMS AS RESPONDENT** |
| v. ) | |
| DERREL G. ADAMS, Warden, ) | |
| ) Respondent. ) | |
| _____ ) | |

On October 3, 2007, petitioner, a California prisoner incarcerated at Corcoran State Prison and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 11, 2008, the Court found the petition stated cognizable claims for relief. The Court determined that the petition could not go forward, however, because a proper respondent had not been named. Specifically, petitioner had identified the respondent as "People of the State of California," but had not named the state officer having custody of petitioner. See Rule 2, Rules Governing Section 2254 Cases. The Court granted petitioner leave to file an amendment to the petition to substitute, as the respondent, the warden of the prison in which petitioner currently is incarcerated.

On April 21, 2008, petitioner filed an amendment to the petition, naming Derrel G. Adams, the warden of Corcoran State Prison, as his custodian. Accordingly, the Court will direct the Clerk of the Court to substitute Warden Derrel G. Adams as the respondent to the petition.

As the Court found in its prior order, petitioner has stated the following cognizable claims for relief with respect to his 2005 convictions in the Superior Court of San Mateo County: the evidence was insufficient to support six of the convictions for committing lewd and lascivious acts on a child under the age of fourteen; the trial court erroneously allowed the admission of evidence of uncharged prior acts of misconduct by petitioner; the trial court wrongly instructed the jury on the burden of proof necessary to find petitioner guilty beyond a reasonable doubt; the trial court violated petitioner's right to due process by allowing the information to be amended after the trial had concluded; and the trial court erroneously allowed the admission of inadmissible hearsay evidence against petitioner. Accordingly, respondent will be ordered to respond to the petition, as set forth below.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. The Clerk of the Court shall substitute Warden Derrel G. Adams as the respondent in this action.

2. The Clerk shall serve by certified mail a copy of this order, <u>the petition, and all attachments thereto (Docket No. 1)</u>, on respondent and respondent's counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

3. Respondent shall file with the Court and serve on petitioner, within **ninety (90)** days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within **thirty (30)** days of the date the answer is filed.

4. In lieu of an answer, respondent may file, within **ninety (90)** days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **fifteen (15)** days of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6. It is petitioner's responsibility to prosecute this case.  Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

IT IS SO ORDERED.

DATED: August 19, 2008

MAXINE M. CHESNEY
United States District Judge